**Ricky L. ANDERSON, Plaintiff,**

and

**Gloria Dredd Haney, Appellant,**

v.

**Melinda GEORGE; Howard M. Galkin; Leviton Manufacturing Company, Inc., Defendants–Appellees.**

No. 00–56411.

United States Court of Appeals,
Ninth Circuit.

---

1. The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that Janet Reno, Attorney General, is the proper respondent.

2. The panel unanimously finds this case suitable for decision without oral argument and denies Brown's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Gloria Dredd Haney appeals pro se the district court's order that she pay defen-dants' attorneys' fees in an action where Haney represented plaintiff Anderson. Haney also appeals the district court's denial of her Fed.R.Civ.P. 60(b) motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's imposition of sanctions under 28 U.S.C. § 1927. *See Primus Automotive Fin. Servs. ., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir.1997). We also review for abuse of discretion the district court's denial of a motion for reconsideration. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.,* 84 F.3d 1186, 1192 (9th Cir.1996). We affirm.

In order to impose sanctions pursuant to its inherent powers, a district court must make an explicit finding that an attorney's conduct constituted bad faith, unless the bad faith is patent from the record. *See Primus,* 115 F.3d at 648–49. The district court did not abuse its discretion by ordering that Haney pay appellees' attorneys' fees because "the record sets forth sufficient evidence to support its decision." *Toombs v. Leone,* 777 F.2d 465, 471 (9th Cir.1985); *see also Eisenman v. Peoro (In re Peoro),* 793 F.2d 1048, 1051 (9th Cir.1986) (affirming award of sanctions pursuant to 28 U.S.C. § 1927 and noting that the words "bad faith" are not talismans required for affirmance).

The district court also did not abuse its discretion by denying Haney's Fed. R.Civ.P. 60(b) motion. *See Sheet Metal Workers',* 84 F.3d at 1192.

AFFIRMED.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.